**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

_____

| | | |
|---|---|---|
| In Re:  Lisa A. Mazza, | : | Civil Action No. 14-cv-6423 |
| Debtor. | : | |
| _____ | : | Bankruptcy No. 14-167773-SR |
| | : | |
| LISA A. MAZZA, | : | |
| Appellant, | : | |
| | : | |
| v. | : | |
| | : | |
| THE BANK OF NEW YORK MELLON, f/k/a | : | |
| THE BANK OF NEW YORK, as Trustee | : | |
| For the Certificate Holders of CWALT, Inc., | : | |
| Alternative Loan Trust 2006-OA10 Mortgage | : | |
| Pass-Through Certificates, Series 2006-OA10, | : | |
| Appellee. | : | |

_____

**MEMORANDUM**

**Joseph F. Leeson, Jr.**                                                          **September 30, 2015**
**United States District Judge**


**I.      INTRODUCTION**

          This is a bankruptcy appeal.  Debtor, Lisa A. Mazza ("Debtor") appeals from a decision

of the United States Bankruptcy Court for the Eastern District of Pennsylvania granting the Bank

of New York Mellon's ("Bank" or "Creditor") Motion for In Rem Relief from the Automatic

Stay.  For the following reasons, the Court affirms the Order of the bankruptcy court dated

September 10, 2014.


**II.     BACKGROUND**

          A.      The Mortgage and Foreclosure Proceedings

          The Bank holds a claim secured by a Mortgage on the property of the Debtor and Mark

D. Mazza ("Debtor's Husband") located at 1271 Farm Road, Berwyn, PA 19312 (the "Property").  Bank's Brief 1, ECF No. 4.

Prior to the Bank's Motion for In Rem Relief from the Automatic Stay, which is the subject of this appeal, Debtor's Husband filed a total of three bankruptcy petitions between 2013 and 2014, and Debtor filed one bankruptcy petition.  Debtor's Brief 7, ECF No. 3; Bank's Brief 1-2.  Each had the effect of delaying an underlying state court foreclosure trial.  Id.; The Bank of New York Mellon, et al. v. Mark D. Mazza and Lisa A. Mazza, No. 2012-5926 (Chester County C.P. filed June 12, 2012).

      B.        The First Bankruptcy Filing – Debtor's Husband

On May 30, 2013, trial on the state foreclosure proceeding was scheduled for June 12, 2013.  Mazza, No. 2012-5926.  Less than a month later, on June 28, 2013, an initial bankruptcy petition was filed under Chapter 7 of the Bankruptcy Code by Debtor's Husband in the United States Bankruptcy Court for the Eastern District of Pennsylvania, case number 13-15760.  In re Mark David Mazza, No. 13-15760 (E.D. Bank. Pa. filed June 28, 2013).  Debtor's Brief 7; Bank's Brief 1.  This filing stayed the pending mortgage foreclosure action, on which a July 17, 2013, administrative conference had been scheduled the day before.  Bank's Brief 1; Mazza, No. 2012-5926.  On August 7, 2013, the Bank filed a Motion for Relief from the Automatic Stay; however, the bankruptcy case was dismissed on August 14, 2013, prior to a hearing on the motion, due to Debtor's Husband's failure to file required documents, including the Matrix List of Creditors, Statement of Current Monthly Income, Schedules A−J, Statement of Financial Affairs, Summary of schedules, and Statistical Summary of Certain Liabilities.  In re Mark David Mazza, No. 13-15760 at ECF Nos.7, 22; Bank's Brief 1.  The foreclosure action was thereafter placed back on the trial list.  Mazza, No. 2012-5926; Bank's Brief 1.

C.     The Second Bankruptcy Filing – Debtor's Husband

Debtor's Husband filed a second Chapter 7 bankruptcy petition on January 17, 2014, in the United States Bankruptcy Court for the Eastern District of Pennsylvania, case no. 14-10419. In re Mark David Mazza, No. 14-10419 (E.D. Bank. Pa. filed Jan. 17, 2014); Debtor's Brief 7; Bank's Brief 2.  This filing stayed the pending foreclosure trial, which was scheduled to start trial on February 18, 2014.  Mazza, No. 2012-5926; Bank's Brief 2.  This second bankruptcy case was dismissed on March 24, 2014, due to Debtor's Husband's failure to pay the filing fee. In re Mark David Mazza, No. 14-10419 at ECF No. 34; Debtor's Brief 7; Bank's Brief 2.  The Bank's motion seeking relief from the automatic stay was pending at the time of dismissal.  In re Mark David Mazza, No. 14-10419 at ECF No. 32.

D.     The Third Bankruptcy Filing – Debtor's Husband

A third Chapter 7 bankruptcy petition was filed by Debtor's Husband on April 9, 2014, in the United States Bankruptcy Court for the Eastern District of Pennsylvania, case no. 14-12789. In re Mark David Mazza, No. 14-12789 (E.D. Bank. Pa. filed April 9, 2014); Debtor's Brief 7; Bank's Brief 2.  This filing stayed the pending foreclosure proceedings.  Mazza, No. 2012-5926; Bank's Brief 2.  On March 19, 2014, the Bank filed a Motion for Relief from Stay.  In re Mark David Mazza, No. 14-12789 at ECF No. 32.  Prior to a ruling on the motion, this third bankruptcy case was dismissed on June 10, 2014, due to Debtor's Husband's failure to pay the filing fee.  In re Mark David Mazza, No. 14-12789 at ECF No. 25; Debtor's Brief 7; Bank's Brief 2.  Subsequently, the foreclosure case was placed on the trial list.  Mazza, No. 2012-5926; Bank's Brief 2.

E.     The Fourth Bankruptcy Filing – Debtor

On July 23, 2014, trial was scheduled in the foreclosure case to start on August 25, 2014.

Mazza, No. 2012-5926; Bank's Brief 2.  Three days before the trial was scheduled to begin, on

August 22, 2014, Debtor filed a petition for relief under Chapter 7 of the Bankruptcy Code in the

United States Bankruptcy Court for the Eastern District of Pennsylvania.  In re Lisa A. Mazza,

No. 14-16773 (E.D. Bank. Pa. filed Aug. 22, 2014).  This petition again stayed the state court

foreclosure trial.  Mazza, No. 2012-5926; Bank's Brief 2.  On August 22, 2014, the bankruptcy

court ordered Debtor to file several missing documents, warning Debtor that if the missing

documents were not submitted within fourteen days, by September 5, 2014, the case would be

dismissed without additional notice or hearing.  In re Lisa A. Mazza, No. 14-16773 at ECF No.

7; Bank's Brief 3.

     F.    The Bank's Motion for In Rem Relief

     As an apparent consequence of the multiple bankruptcy filings and their effect of

delaying the state court foreclosure trial, on August 29, 2014, the Bank filed a Motion for In Rem

Relief from the Automatic Stay under 11 U.S.C. § 362(d)(4).  In re Lisa A. Mazza, No. 14-16773

at ECF No. 10; Bank's Brief 2.  The Motion outlined the multiple bankruptcy filings, asserted

that the delinquent amount on the mortgage was $405,492.06, that the total payoff was

$1,479,457.39, and noted that the Property was valued at $1,328,986.00.  In re Lisa A. Mazza,

No. 14-16773 at ECF No. 10.  The Bank sought entry of an Order granting In Rem Relief from

the Automatic Stay and requesting that the order state that any future bankruptcy petitions will

not affect or delay the Bank's state court action regarding the Property.  Id.  The same day,

August 29, 2014, Notice of Motion, Response Deadline and Hearing Date was filed scheduling a

hearing on the Motion for In Rem Relief for September 24, 2014, and advising Debtor, inter alia,

that if "you do not want the court to grant the relief sought in the motion or if you want the court

to consider your views on the motion, then on or before September 12, 2014 you or your attorney

must ... file an answer explaining your position" with the bankruptcy court and must attend the hearing. Id. at ECF No. 11 (emphasis in original); Bank's Brief 2. This Notice and the Motion for In Rem Relief were mailed to Debtor via first class mail. In re Lisa A. Mazza, No. 14-16773 at ECF No. 12; Bank's Brief 2-3.

As of September 3, 2014, Debtor had not filed the missing documents described in the bankruptcy court's Order dated August 22, 2014. Bank's Brief 3. In order for the Motion for In Rem Relief to be heard prior to dismissal of the case, the Bank filed a Motion to Expedite Hearing. In re Lisa A. Mazza, No. 14-16773 at ECF No. 14; Bank's Brief 3. On September 4, 2014, the Court granted the Motion to Expedite and rescheduled the hearing on the Motion for In Rem Relief from the Automatic Stay to Wednesday, September 10, 2014. In re Lisa A. Mazza, No. 14-16773 at ECF No. 15; Bank's Brief 3. A copy of the Order granting the motion for an expedited hearing was sent via overnight mail to Debtor. In re Lisa A. Mazza, No. 14-16773 at ECF No. 16; Bank's Brief 3.

At the September 10, 2014, hearing on the Bank's Motion for In Rem Relief, Debtor requested a continuance because she had a meeting with an attorney "on Monday." Transcript of Hearing, September 10, 2014, N.T. 3. Debtor claimed that although she received a copy of the Motion for In Rem Relief, the exhibits were not included. N.T. 3-5. The Bank's counsel therefore offered to provide Debtor with copies of the exhibits. N.T. 5. Debtor then complained that she never received a copy of the Motion to Expedite, although she confirmed that she received the Court's Order granting the Motion to Expedite Hearing on "Friday," September 5, 2014. Id. The bankruptcy judge, the Honorable Stephen Raslavich, denied a continuance. Id.

At the hearing, Debtor confirmed that she lived at the Property with her husband, who was present for the hearing. N.T. 5-6. The bankruptcy judge questioned Debtor about the fact

that Debtor's Husband had previously filed numerous bankruptcies "in order to derail the foreclosure litigation."  N.T. 7.  Judge Raslavich asked: "You know that, you know he filed [three] times to stop the foreclosure proceedings against this property."  N.T. 6.  To which, Debtor responded: "Right.  But I want to file myself."[1]  N.T. 6.  The bankruptcy judge then asked: "And what we have is another foreclosure action coming up, right? When is that?"  N.T. 6.  Counsel for the Bank replied: "Yes, well, it was currently scheduled – the state action was scheduled for trial, I believe it was two weeks ago, and it was stayed by the filing of this instant bankruptcy."  N.T. 6.  In deciding to grant the Motion for In Rem Relief, the bankruptcy judge found a "history of abuse relative to the property," that the delinquency claim is over $400,000, that the payoff is almost one and a half million dollars, that there have been no payments for many years, and that no proposal to attempt to cure delinquencies and save the property have been filed in the Chapter 7 case.  N.T. 8.  Judge Raslavich advised Debtor that the bankruptcy case would not be dismissed, however, and that Debtor would be able, if appropriate, to obtain a discharge, "a clean slate from other debts."  N.T. 8.

On September 24, 2014, Debtor filed a Notice of Appeal, which was received in this Court on November 6, 2014.

Debtor did not file a Motion to Stay Pending Appeal, and the underlying mortgage foreclosure proceedings were not stayed.  See In re Lisa A. Mazza, No. 14-16773.  Following a one-day trial, judgment was entered in favor of the Bank, and against Debtor and Debtor's Husband in the amount of $1,085,500.  Mazza, No. 2012-5926.  That matter is pending appeal in the state courts.  Id.

---

[1] This Court notes that had Debtor's Husband filed another bankruptcy petition, his case would have been "presumptively filed not in good faith" and the automatic stay would have expired "on the 30th day after the filing."  11 U.S.C. § 362(c).

On October 8, 2014, the bankruptcy case was dismissed for Debtor's failure to file requested documents, specifically the Matrix List of Creditors, Statement of Current Monthly Income, Schedules A–J, Statement of Financial Affairs, Summary of schedules, and Statistical Summary of Certain Liabilities.  In re Lisa A. Mazza, No. 14-16773 at ECF Nos. 7, 36.

## III.    STANDARD OF REVIEW

On appeal, a district court reviews a bankruptcy court's findings of fact applying a "clearly erroneous" standard of review.  See Am. Flint Glass Workers Union v. Anchor Resolution Corp., 197 F.3d 76, 80 (3d Cir. 1999).  A district court reviews the bankruptcy court's legal determinations de novo.  See Sovereign Bank v. Schwab, 414 F.3d 450, 452 (3d Cir. 2005); J.P. Fyfe, Inc. v. Bradco Supply Corp., 891 F.2d 66, 69 (3d Cir. 1989).

## IV.    ANALYSIS

The automatic stay provisions of the Bankruptcy Code provide that the filing of a petition "operates as a stay, applicable to all entities, of:

> (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;
> (2) the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title;
> (3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate;
> (4) any act to create, perfect, or enforce any lien against property of the estate;
> (5) any act to create, perfect, or enforce against property of the debtor any lien to the extent that such lien secures a claim that arose before the commencement of the case under this title;
> (6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title;

7

(7) the setoff of any debt owing to the debtor that arose before the commencement of the case under this title against any claim against the debtor; and

(8) the commencement or continuation of a proceeding before the United States Tax Court concerning a tax liability of a debtor that is a corporation for a taxable period the bankruptcy court may determine or concerning the tax liability of a debtor who is an individual for a taxable period ending before the date of the order for relief under this title.

11 U.S.C. § 362(a).  Section 362(d) provides that "[o]n request of a party in interest and after notice and a hearing, the court shall grant relief from the stay ... if the court finds that the filing of the petition was part of a scheme to delay, hinder, or[2] defraud creditors that involved ... multiple bankruptcy filings affecting such real property."  11 U.S.C. § 362(d)(4)(B).  The Bank bears the burden of proof under 11 U.S.C § 362(d)(4).  Debtor's Brief 15; Bank's Brief 8.

In this appeal, Debtor contends that the In Rem Order was issued without evidence of a "scheme" as required by the statute.  Debtor's Brief 10-16.  Additionally, Debtor argues that the bankruptcy court erred in not holding a formal evidentiary hearing.  Id. 16-17.

> A.     The multiple bankruptcy filings, all apparently timed to delay the underlying state court mortgage foreclosure proceedings, coupled with the fact that Debtor and Debtor's Husband had no intention to reorganize, were sufficient to support the Bankruptcy Court's finding that the underlying petition was part of a scheme to delay, hinder, or defraud creditors.

Initially, this Court finds that entry of the In Rem Relief Order on September 10, 2014, was within the scope of 11 U.S.C. § 362(d)(4).  See In re Hamer, No. 00-1180, 2000 U.S. Dist. LEXIS 12341, at *21-22 (E.D. Pa. Aug. 17, 2000) (concluding that Sections 105(a)[3] and 349(a)[4]

---

[2] The statute was amended in 2010 from "hinder, and" to "hinder, or."  11 U.S.C. § 362(d)(4)(B) (amended 2010).

[3] "The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."  11 U.S.C. § 105(a).

[4] 11 U.S.C. § 349 (allowing a case to be dismissed with prejudice).

of the Bankruptcy Code "enable the bankruptcy court to restrict a debtor's ability to file subsequent petitions").

To grant relief from the automatic stay, the court must find that the bankruptcy filing was (1) "part of a scheme" (2) "to delay, hinder, or defraud creditors" (3) "that involved ... multiple bankruptcy filings affecting such real property."  11 U.S.C. § 362(d)(4)(B).  Debtor argues that no evidence was formally admitted on any of these elements, but concedes that the bankruptcy court may have taken judicial notice of Debtor's Husband's prior bankruptcy filings.  Debtor's Brief 15.  The Bank responds that its Motion for in Rem Relief, along with the attached exhibits, indicated a pattern of abusive filings that do not reflect an intent to reorganize, which the courts have found to be sufficient indicia of a scheme to delay, hinder, or defraud creditors.  Bank's Brief 7-9 (citing In re Henderson, 395 B.R. 893, 901 (Bankr. D.S.C. 2008) ("This Court and others have considered the following circumstances that would warrant in rem relief: 1) strategic filing of bankruptcy petitions to prevent collection; 2) multiple bankruptcy petitions by multiple parties to protect common property; 3) lack of evidence of changed circumstances between filings; and 4) inability to fund a plan."); In re Price, 304 B.R. 769, 773 (Bankr. N.D. Ohio 2004) (determining that "the record must clearly demonstrate an abuse of the bankruptcy process through multiple filings with the sole purpose of frustrating the legitimate efforts of creditors to recover their collateral").

This Court concludes that the Bankruptcy Judge had sufficient evidence to find that Debtor engaged in a scheme involving multiple bankruptcy filings timed to delay or hinder the Bank's efforts to foreclose on the Property.  "'The filing of a bankruptcy petition merely to prevent foreclosure, without the ability or the intention to reorganize, is an abuse of the Bankruptcy Code. Serial filings are a badge of bad faith, as are petitions filed to forestall

creditors.'" In re Hamer, No. 00-1180, 2000 U.S. Dist. LEXIS 12341, at *29 (E.D. Pa. Aug. 17, 2000) (quoting In re Casse, 198 F.3d 327, 332 (2d Cir. 1999) (finding that the "Debtor's serial filings were not an honest attempt to reorganize debt, but were intended solely to avoid the foreclosure sale that Equity had been attempting since 1997" and modifying the bankruptcy judge's order to provide that relief from the automatic stay applied to any future bankruptcy filing regarding Equity's interest in the property)).

The first bankruptcy petition, filed on June 28, 2013, was filed less than a month after the state court issued notice scheduling trial on the foreclosure proceedings. Debtor's Husband failed to file required documents and the bankruptcy case was dismissed on August 14, 2013. After the stay was lifted, the foreclosure trial was continued a few times and on January 17, 2014, Debtor's Husband again filed bankruptcy. This filing stayed the pending foreclosure trial, which was scheduled to proceed on February 18, 2014. This second bankruptcy case was dismissed on March 24, 2014, due to Debtor's Husband's failure to pay the filing fee. Debtor's Husband's third bankruptcy petition, filed on April 9, 2014, was dismissed on June 10, 2014, due to his failure to pay the filing fee. Debtor's bankruptcy petition, filed on August 22, 2014, was filed only three days before trial in the foreclosure case was scheduled to begin and again acted to stay the state foreclosure action. On October 8, 2014, the bankruptcy case was dismissed for Debtor's failure to file required documents. There is no evidence of the debtors' change of circumstances between any of these filings or any efforts to attempt reorganization.

The bankruptcy petitions were timed strategically to stay upcoming trial dates in the state foreclosure matter and are therefore evidence of Debtor's scheme to delay or hinder the Bank. See In re Hymes, No. A12-00599, 2013 Bankr. LEXIS 664, at *21 (Bankr. D. Alaska 2013) (concluding that the timing and circumstances of the bankruptcies were evidence of a scheme to

hinder and delay the foreclosure sale of the property); In re Blair, No. 09-76150, 2009 Bankr. LEXIS 4195, at \*12-13 (Bankr. E.D.N.Y. Dec. 21, 2009) (holding that "the mere timing and filing of several bankruptcy cases is an adequate basis from which a court can draw a permissible inference that the filing of a subsequent case was part of a scheme to hinder, delay, and defraud creditors").  Further evidence that these filings constituted a scheme to delay or hinder is that none of the cases moved forward, having apparently served their purpose of staying the foreclosure proceedings.  All four cases, filed within fourteen months of one another, were dismissed approximately two months after they were filed for either the debtors' failure to pay the filing fee or to file the required bankruptcy documents.  See In re Montalvo, 416 B.R. 381 (Bankr. E.D.N.Y. 2009) (holding that the "timing and sequencing of the filings is also significant," noting that "[e]ach was filed on the eve of or shortly before significant events affecting the Property" and that the "lack of any good faith prosecution of these cases allow this Court to draw a permissible inference and find that the instant petition was part of a scheme of Debtor to delay, hinder, and defraud").

Consequently, the bankruptcy court's Order dated September 10, 2014, granting in rem relief from the automatic stay is warranted under 11 U.S.C. § 362(d)(4).  See In re Torppey, No. 12-3419, 2012 U.S. Dist. LEXIS 112090, at \*8-9 (D.N.J. Aug. 9, 2012) (concluding that prospective relief from the automatic stay is appropriate where serial bankruptcy filers repeatedly use the protections of the automatic stay to forestall a scheduled foreclosure action).

> B.   The September 10, 2014, Hearing on the Bank's Motion for In Rem Relief, which the Bankruptcy Judge was not required to hold, Satisfied Due Process and the Bankruptcy Code Provisions.

Plaintiff asserts that the bankruptcy court's failure to hold a formal evidentiary hearing was in error.  Debtor complains that she received notice of the expedited hearing only a few days

prior, leaving her with little time to consult an attorney.  Further, Debtor alleges that the Bank's

exhibits were not attached to the Motion for in Rem Relief. Finally, Debtor objects that the

Bankruptcy Judge took on the role of advocate for the creditor and did not require the Bank to

present evidence.

      The Bankruptcy Code provides:

> In this title--
>   (1) "after notice and a hearing", or a similar phrase--
>    (A) means after such notice as is appropriate in the particular circumstances,
> and such opportunity for a hearing as is appropriate in the particular
> circumstances; but
>    (B) authorizes an act without an actual hearing if such notice is given properly
> and if--
>     (i) such a hearing is not requested timely by a party in interest; or
>     (ii) there is insufficient time for a hearing to be commenced before such act
> must be done, and the court authorizes such act;

11 U.S.C. § 102.

      There is no dispute that Debtor received "notice and a hearing."  Thus, her appellate

challenge is to the sufficiency of both.  This Court first finds that notice was sufficient.  Debtor

admittedly received notice of the September 10, 2014, hearing on September 5, 2014, the day

after the court scheduled the hearing.  In re Lisa A. Mazza, No. 14-16773 at ECF No. 16; N.T. 5.

Given the Bank's need to expedite this hearing due to the possibility of dismissal for Debtor's

failure to file documents, this Court finds that the short length of notice was "appropriate in the

particular circumstances."  See George v. United States IRS (In re George), 4 Fed. Appx. 357,

360-61 (9th Cir. 2001) (determining that where the debtor's bankruptcy was filed three days

before trial in his tax case, service and notice, made approximately four hours prior to the

expedited hearing on the United States' motion to lift the automatic stay under 11 U.S.C. §

362(d), were adequate under the circumstances (citing 11 U.S.C. § 102(1)(A))).

Additionally, to the extent Debtor requested a continuance because she had a meeting with an attorney "on Monday," see N.T. 3, that "Monday" was September 15, 2014, three days after the deadline for which Debtor could file an answer contesting the Motion for In Rem Relief.  Debtor did not dispute that she received the Notice of Motion, Response Deadline, which advised her that any opposition to the Motion for In Rem Relief must be filed "on or before September 12, 2014."  In re Lisa A. Mazza, No. 14-16773 at ECF Nos. 11-12 (emphasis in original).  Accordingly, even if the hearing date had not been expedited, Debtor's scheduled meeting with an attorney was after the deadline to file a response.  Debtor was therefore not prejudiced by the timing of the hearing notice.  See Wiencko v. Ehrlich (In re Wiencko), 99 Fed. Appx. 466, 470 (4th Cir. 2004) (finding that "although § 362(d) does state that the court must provide notice and a hearing, the Debtors cannot show that they were prejudiced by the failure of the district court to do so").  Debtor has also failed to identify what evidence she would have presented at the hearing had her continuance request been granted.  See id.

"The core of due process is the right to notice and a meaningful opportunity to be heard." Lachance v. Erickson, 522 U.S. 262, 266 (1998).  Debtor suggests that the Bankruptcy Judge erroneously "took the role of advocate for the secured creditor."  See Debtor's Brief 16. However, Debtor does not allege that Debtor was denied the opportunity to be heard.  See Richards v. Wells Fargo Bank (In re Richards), No. 09-69716, 2012 Bankr. LEXIS 2806, at *12 (Bankr. N.D. Ga. June 7, 2012) (finding that the debtor was provided due process before the entry of the Order on Relief from Stay because the Motion for Relief from Stay and notice of hearing were served on the Debtor and the Debtor was given an opportunity to be heard with respect to the Motion for Relief from Stay).  Further, Debtor cites no authority for the position that it was error for the Bankruptcy Judge to conduct the questioning.

The need to remedy abuses of the bankruptcy system has been a focus for many years. By enacting the Bankruptcy Abuse Prevention and Consumer Protection Act ("BAPCPA"), "Congress sought to address what it perceived as abuses of the bankruptcy laws by certain debtors. One such abuse it identified was the invocation of the automatic stay by debtors who have no valid bankruptcy objective in filing their petitions but merely seek to obstruct the exercise of non-bankruptcy remedies by their creditors." In re Ellis, 339 B.R. 136, 140-41 (Bankr. E.D. Pa. 2006) (discussing 11 U.S.C. § 101 (2005)). See also 11 U.S.C. § 362(c) (stating that a bankruptcy case "filed by or against a debtor who is an individual in a case under chapter 7, 11, or 13, [where] a single or joint case of the debtor was pending within the preceding 1-year period but was dismissed, ... the case is presumptively filed not in good faith" and the automatic stay expires "on the 30th day after the filing"). Thus, this Court finds no violation of Debtor's rights at the September 10, 2014, hearing.

Moreover, a bankruptcy court has the power to grant prospective relief from the automatic stay "independent of section 362(d)(4), by virtue of 11 U.S.C. §§ 105(a) and 362(d)." In re Stoltzfus, No. 09-11904, 2009 Bankr. LEXIS 2634, at *17 (Bankr. E.D. Pa. Mar. 30, 2009). Section 105(a) provides:

> The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

11 U.S.C. § 105(a). "Section 105 gives to bankruptcy courts the broad power to implement the provisions of the bankruptcy code and to prevent an abuse of the bankruptcy process. . . ." In re Schaefer Salt Recovery, Inc., 542 F.3d 90, 105 (3d Cir. 2008) (citing Walton v. LaBarge (In re Clark), 223 F.3d 859, 864 (8th Cir. 2000)). "The broad powers granted by this section have

frequently been held to authorize a bankruptcy court to issue a 'non-automatic stay' order where a stay was held to be outside of the scope of 11 U.S.C. § 362(a)." In re Metro Transp. Co., 64 B.R. 968, 973 (Bankr. E.D. Pa. 1986). Consequently, even if the bankruptcy court violated the hearing and notice requirements of Section 362(d), which this Court finds that it did not, the Order granting the Motion for In Rem Relief was properly entered under the broad authority provided to the bankruptcy court by 11 U.S.C. § 105(a).

Furthermore, a "court may judicially notice a fact that is not subject to reasonable dispute because it ... can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Civ. P. 201; Fed. R. Bank. P. 9017. A "bankruptcy judge deciding an adversary proceeding, which is an independent litigation, and an appellate court reviewing that decision, can[] properly use documents filed only in the underlying bankruptcy case [provided] that use can be justified under the judicial notice doctrine." Nantucket Investors II v. California Fed. Bank (In re Indian Palms Assocs.), 61 F.3d 197, 204 (3d Cir. 1995).

Although Debtor contends that she did not receive the exhibits attached to the Motion for In Rem Relief prior to the hearing, the exhibits were documents regarding the Property and Debtor's Husband's prior bankruptcies. At the hearing, the bankruptcy judge questioned Debtor about her husband's bankruptcy petitions "filed ... to stop the foreclosure proceedings against this property," which Debtor acknowledged. N.T. 6-7. The bankruptcy judge was therefore permitted to take judicial notice of the docket entries in the state foreclosure proceedings and the Debtor's Husband's prior bankruptcy petitions. See In re Ellis, 339 B.R. 136, 138 (Bankr. E.D. Pa. 2006) ("While a court may not take judicial notice sua sponte of facts contained in the debtor's file that are disputed, In re Aughenbaugh, 125 F.2d 887 (3d Cir. 1942), it may take judicial notice of adjudicative facts 'not subject to reasonable dispute . . . [and] so long as it is

not unfair to a party to do so and does not undermine the trial court's factfinding authority.'")

(quoting In re Indian Palms Assoc., 61 F.3d 197, 205 (3d Cir. 1995)).

**V.**     **CONCLUSION**

For the foregoing reasons, the Court affirms the bankruptcy court's Order of September

10, 2014.  An appropriate Order follows.

**BY THE COURT:**

*/s/ Joseph F. Leeson, Jr.*
**JOSEPH F. LEESON, JR.**
**United States District Judge**